

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Crimes Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 305-0321*
*Facsimile (202) 514-8865*

June 14, 2018

Harold Kokes, Esq.
700 N Main St. 2nd Floor
Pleasantville, NJ 08232

      Re: <u>United States v. Joseph Kelley, 18-cr-22</u> -01(NLH)

Dear Mr. Kokes:

      This letter sets forth the plea agreement between your client, Joseph Kelley, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice ("this Office"). This Office extends an offer of this plea agreement until close of business on **July 6, 2018**, when it expires. Your client may accept this plea agreement by signing it before that deadline.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Joseph Kelley to Count 6 of the Indictment, which charges him with knowingly selling, on or about April 12, 2013, American eels, knowing those eels to be intended for exportation contrary to laws and regulations of the United States, namely Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(2), and Title 50, Code of Federal Regulations, Section 14.63. If Joseph Kelley enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against him in relation to American eel trafficking during the period from 2012-2014. In addition, if Joseph Kelley fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts 1, 2, and 3 of the Indictment, Criminal No. 18-22, against him. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Joseph Kelley agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by him may be commenced against him,



notwithstanding the expiration of the limitations period after he signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 554, to which Joseph Kelley agrees to plead guilty, carries a statutory maximum prison sentence of ten years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Joseph Kelley is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Joseph Kelley ultimately will receive.

Further, in addition to imposing any other penalty on Joseph Kelley, the sentencing judge: (1) will order Joseph Kelley to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) pursuant to 18 U.S.C. § 3583, may require Joseph Kelley to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Joseph Kelley be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Joseph Kelley may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Joseph Kelley by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office

of: (1) this agreement; and (2) the full nature and extent of Joseph Kelley's activities and relevant conduct with respect to this case.

Stipulations

This Office and Joseph Kelley agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Joseph Kelley from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Joseph Kelley waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and

to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

Joseph Kelley further agrees that as a condition of any term of probation or supervised release imposed by the Court as part of his sentence, he will not fish for American eels anywhere in the United States, pursuant to a legal license or otherwise.

This agreement is limited to the Department of Justice Environment and Natural Resources Division, Environmental Crimes Section, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joseph Kelley. This agreement does not prohibit the United States, any agency thereof (including U.S. Fish and Wildlife Service and the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Joseph Kelley.

No provision of this agreement shall preclude Joseph Kelley from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Joseph Kelley received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Joseph Kelley and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources
   Division

By: Cassandra Barnum
    Trial Attorney

Todd Gleason
Senior Trial Attorney

I have received this letter from my attorney, Harold Kokes, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/5/18
Joseph Kelley

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/5/18
Harold Kokes, Esq.

- 6 -

RECEIVED JUL 0 5 2018

## Plea Agreement With Joseph Kelley

### Schedule A

1. This Office and Joseph Kelley recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Joseph Kelley nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2013, applies in this case. The applicable guideline for Count Seven is U.S.S.G. § 2Q2.1. Pursuant to U.S.S.G. § 2Q2.1, The Base Offense Level is 6.

3. Joseph Kelley committed the offense for pecuniary gain, pursuant to U.S.S.G. § 2Q2.1(b)(1). This results in an increase of 2 levels.

4. The market value of the American eels trafficked was greater than $200,000 but not more than $400,000, resulting in an increase of 12 levels pursuant to U.S.S.G. §§ 2Q2.1(3)(A) and 2B1.1.

5. As of the date of this letter, Joseph Kelley has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Joseph Kelley's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Joseph Kelley has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Joseph Kelley's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Joseph Kelley enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Joseph Kelley's acceptance of responsibility has continued through the date of sentencing and therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Joseph Kelley's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Joseph Kelley after adjustment for acceptance of responsibility as detailed in Paragraphs 5 and 6 is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure.

9. Joseph Kelley knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total offense level of 17. The parties have reserved any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.